■ DESMOND STACK, Plaintiff, v. MARIO CIUFFA, Individually and Doing Business as C & M HEATING AND APPLIANCE COMPANY, Defendant.— Appeal dismissed, without costs, upon stipulation.

■ DOMINIC JULIANO, Appellant, v. MERCHANTS MUTUAL CASUALTY CO., Respondent.— Order entered vacating order of dismissal entered September 12, 1956; appeal dismissed unless printed records and briefs are filed and served on or before December 3, 1956.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. HERBERT J. MOSHER, Appellant.— Application granted to enlarge time for argument of appeal. Memorandum: Parties may not stipulate in a criminal case to extend the time to argue on appeal. This right is lodged solely in the appellate court. In this case, however, we treat the stipulation as an application to extend the time.

FIRST DEPARTMENT, OCTOBER, 1956

(October 2, 1956)

■ MAURICE FRANK, Respondent, v. NEW YORK CASUALTY COMPANY, Appellant, et al., Defendant.

*Per Curiam.* The order of the court below denying a motion to dismiss the complaint for failure to state a cause of action is reversed, and the complaint dismissed with leave to replead.

Initially it may be pointed out that the complaint fails to allege the date of the renewal of the policy, the payment of the requisite premiums, the jurisdiction in which the alleged agreement was made and where the policy was delivered. These items should be pleaded since the accident took place in Canada and it cannot be determined from the complaint whether the alleged agreement was made in New York or Maine and whether the compensation acts of both States are involved. The complaint hopelessly intermingles allegations of a breach of contract and of a tort. In the absence of factual recitals with respect to the alleged contract and its breach, the allegations are merely conclusory.

If an amended complaint is served, the policy and the contract, if in writing, should be made a part of the complaint or, in the alternative, set forth in such unambiguous and precise allegations that the cause or causes of action may be clearly ascertained.

Peck, P. J., Breitel, Botein, Cox and Frank, JJ., concur.

Order unanimously reversed, with $20 costs and disbursements to the appellant, and the motion to dismiss both causes of action contained in the complaint granted, with leave to replead.